UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF ROEN SALVAGE
COMPANY AS OWNER OF THE CREW      Case No. 20-C-915
BOAT MONARK #2

**ORDER LIFTING INJUNCTION AGAINST ACTIONS IN OTHER COURTS**

Roen Salvage Company, the owner of the Crew Boat Monark #2, filed this action under Admiralty Law for exoneration from or limitation of liability in the death of Donald Sarter. Pursuant to Rule F(3) of the Supplementary Rules for Certain Admiralty and Maritime Claims, the court enjoined any actions or proceedings in other courts related to any claims subject to limitation in the matter. Dkt. No. 5. The case is now before the court on Claimant Julie Sarter's motion to lift that injunction so that she may file an action in state court. Dkt. No. 25. For the reasons that follow, the motion will be granted and the injunction will be lifted.

**BACKGROUND**

On September 30, 2019, the Crew Boat Monark #2, owned by Roen Salvage, was working in or around the Duluth Harbor, Minnesota, in Lake Superior. Donald Sarter was the Project Superintendent, leading a three-person team that traveled on the Monark #2 to inspect a pipeline that was part of a dredging project run by Roen. The Monark #2 was approaching shore to inspect the pipeline when it was hit by a five-foot wave. Sarter turned the vessel into the waves, back toward open water, but the bilge pump was overwhelmed by water from the wave and the engine stalled. While the crew was restarting the engine, the Monark #2 was hit by another wave and then capsized. The crew began to swim to shore, which was about 200 to 300 feet away. Two crew members safely made it to shore, but Sarter drifted out into open water and drowned.

On December 19 and 23, 2019, Donald Sarter's widow, Julie Sarter, notified Roen that she was seeking funeral expenses and compensation from Roen that exceeded the purported value of the Monark #2. In June 2020, Roen filed a petition in this court seeking exoneration from or limitation of liability in the death of Donald Sarter, claiming that the Monark #2 was seaworthy and that damages were due to "acts or events that occurred without the privity or knowledge, . . . of Petitioner." Compl. ¶ 1. Roen also claimed that its interest in the value of the Monark #2 was $25,000 at the time of the accident. On June 23, 2020, the court issued a notice directing that all claims in the matter be filed with the court and served on Roen's attorney by August 24, 2020 (Dkt. No. 6), along with a stay of any actions against Roen or its insurers in other courts (Dkt. No. 5). Julie Sarter was the only claimant to respond to the notice. Dkt. No. 11.

Claimant Sarter has now filed a motion to lift the injunction and stay against state court proceedings so that she may pursue a state court action under the Jones Act, 46 U.S.C.§ 30104. Dkt. No. 25. Claimant argues that, so long as Roen's interests in limitation of liability are protected pursuant to the Limitation Act, 46 U.S.C. § 30501 *et seq.*, the court should lift the stay. In order to protect that interest, Claimant has filed a proposed stipulation that, in addition to setting forth her interest in the matter, includes the following:

> Claimant further stipulates that she consents to waive any claim of res judicata relevant to the limitation of liability issue based on any judgment that the state court or any other court may render.
>
> Claimant stipulates that she will not seek any other federal or state court to enter any judgment or ruling on the issue of Petitioner's right to limitation of liability and that this court has exclusive jurisdiction to decide this issue.
>
> This stipulation does not stipulate that Petitioner may bring the exoneration issue back to this federal court after trying issues of liability and damages in state court.

2

> However, Claimant stipulates that she will not seek to enforce any excess judgment or recovery in so far as it may expose the ship owner, Roen, to liability in excess of the stated value in the pending adjudication of the Complaint of Limitation of Liability, until the limitation issue is decided by this court.

Dkt. No. 25-2, ¶¶ 3–6.

Roen argues against dissolving the injunction for several reasons. First, Roen argues that Claimant has not designated the state court in which she plans to file her complaint. Second, Roen argues that Claimant does not have a valid Jones Act claim. Finally, Roen argues that, under the Savings to Suitors Clause of 28 U.S.C. § 1333(1), Claimant's proposed stipulation fails to fully protect Roen's rights to future claims of res judicata with respect to both exoneration from and limitation of liability.

## ANALYSIS

"There exists in admiralty law an inherent conflict between the right of claimants to seek common-law remedies before a jury, typically in state court, and the right of shipowners to limit their liability to claimants in federal court." *In re Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996). This conflict between the Savings to Suitors Clause of 28 U.S.C. § 1333(1) and the guarantee of federal jurisdiction over admiralty matters under the Limitation Act has led to the creation of a doctrine of federal abstention under certain conditions. *Id*. at 827–28 (citing *Langnes v. Green*, 282 U.S. 531 (1931)). One such set of conditions is when there is a single claimant and the shipowner's right to seek limitation of liability would be adequately protected through stipulations. In such an instance, it is appropriate for a district court to dissolve an injunction and allow the claimant to pursue her claims in state court. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001).

Roen first argues that Claimant has not identified the state court in which she intends to file suit, in violation of Roen's due process rights. This argument is without merit. Roen has cited

3

no authority in support of the premise on which its argument rests, namely, that a claimant must notify the petitioner or the court where the limitation of liability action is commenced where she intends to file suit. As the court noted during argument, Roen's concerns about a proper venue can be addressed once suit is filed in state court. If Claimant files suit in an improper or inconvenient forum, Roen is free to seek dismissal or a change of venue.

Next, Roen argues that Donald Sarter was not a seaman under maritime law and therefore Claimant does not have a valid Jones Act claim. But that will be an issue for the state court to decide. If Donald Sarter was not a seaman, then Claimant's Jones Act claim in state court will fail and that will be the end of it. Roen argues that it is clear as a matter of law that Sarter was not a seaman and, for that reason alone, Claimant's motion should be denied. Roen's argument, however, is unpersuasive.

Roen has submitted an affidavit that Sarter's timesheets show that he only spent 10% of his time doing towing work, while the other 90% of his time was spent on construction. What is meant by "construction" is unclear. Claimant points out that, according to its website, Roen is a marine contractor specializing in marine construction on the Great Lakes and inland waterways. Much of the construction work reported on Sarter's time sheets might very well constitute the work of a Jones Act seaman. Even aside from this problem, the 30% "rule" Roen seeks to apply is not a hard and fast rule.

In *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995), the Supreme Court established a two-part test for determining when an employee is a seaman. "The worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Id*. at 376. Although the *Chandris* Court approvingly cited the Fifth Circuit Court of

4

Case 1:20-cv-00915-WCG   Filed 12/04/20   Page 4 of 7   Document 32

no authority in support of the premise on which its argument rests, namely, that a claimant must notify the petitioner or the court where the limitation of liability action is commenced where she intends to file suit. As the court noted during argument, Roen's concerns about a proper venue can be addressed once suit is filed in state court. If Claimant files suit in an improper or inconvenient forum, Roen is free to seek dismissal or a change of venue.

Next, Roen argues that Donald Sarter was not a seaman under maritime law and therefore Claimant does not have a valid Jones Act claim. But that will be an issue for the state court to decide. If Donald Sarter was not a seaman, then Claimant's Jones Act claim in state court will fail and that will be the end of it. Roen argues that it is clear as a matter of law that Sarter was not a seaman and, for that reason alone, Claimant's motion should be denied. Roen's argument, however, is unpersuasive.

Roen has submitted an affidavit that Sarter's timesheets show that he only spent 10% of his time doing towing work, while the other 90% of his time was spent on construction. What is meant by "construction" is unclear. Claimant points out that, according to its website, Roen is a marine contractor specializing in marine construction on the Great Lakes and inland waterways. Much of the construction work reported on Sarter's time sheets might very well constitute the work of a Jones Act seaman. Even aside from this problem, the 30% "rule" Roen seeks to apply is not a hard and fast rule.

In *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995), the Supreme Court established a two-part test for determining when an employee is a seaman. "The worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Id*. at 376. Although the *Chandris* Court approvingly cited the Fifth Circuit Court of

Appeals' 30% standard, it also noted that other courts of appeals vary the applicable test. *Id*. at 366–67. Roen's attempt to convert the Fifth Circuit's standard into a binding rule here is unavailing. As the Supreme Court noted, it "is important to recall that the question of who is a 'member of a crew,' and therefore who is a 'seaman,' is a mixed question of law and fact," and that "'if reasonable persons, applying the proper legal standard, could differ as to whether the employee was a "member of a crew," it is a question for the jury.'" *Id*. at 369 (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991)). Following that reasoning, the court finds that given the relative complexity of his work assignments, the determination of whether Donald Sarter was a seaman is a question best left for a jury.

Finally, Roen argues that Claimant's stipulation is inadequate to protect its interests under the Limitation Act because it does not include a stipulation reserving to this court jurisdiction over Roen's right to exoneration from liability. A stipulation to exclusive federal jurisdiction over exoneration, however, is not required. In order to be allowed to proceed in state court, a claimant need only "waive any claim of res judicata from the state court proceedings relevant to the issue of limited liability and concede the exclusive jurisdiction of the federal courts to determine all issues relating to limitation of liability." *McCarthy*, 83 F.3d at 831; *see also In re Tetra Applied Techs. L.P.*, 362 F.3d 338 (5th Cir. 2004) (reiterating the court's prior holding "that an exoneration stipulation is not required to protect a shipowner's rights under the Limitation Act").

In *Tetra*, the court explained that exoneration is different from limitation of liability: "Exoneration raises defenses to liability while limitation seeks to confine the vessel owner's liability, which is otherwise determined, to no more than the value of the vessel." *Id.* at 341. Citing its holding in *In re Tidewater*, 249 F.3d 342, 346 (5th Cir. 2001), the court noted that, because the Limitation Act does not provide the shipowner with a right to exoneration, there is no conflict

5

between that Act and the Savings to Suitors Clause in 28 U.S.C. § 1333. Moreover, the use of the permissive phrase "[t]he complaint may demand exoneration as well as limitation of liability" in Rule F indicates that the issue of exoneration is not exclusively reserved to the federal courts. *Id.* Thus, there is also no conflict between the Savings to Suitors Clause and Rule F. Even if there was a conflict with Rule F, the court noted, the Savings to Suitors Clause would prevail since a rule of procedure cannot enlarge the substantive rights conferred on shipowners by the Limitation Act.

Roen cites *In re Lake Michigan Trans-Lake Shortcut, Inc.*, 34 F. Supp. 2d 1122 (E.D. Wis. 1999) for the proposition that stipulations must include a right to exoneration as well as limitation. In *Lake Michigan Trans-Lake*, the claimants' stipulation included not only the *McCarthy* language but also a stipulation to the district court's exclusive jurisdiction over issues affecting the shipowner's rights to exoneration. However, in accepting the stipulation in that case, the court specifically noted that the *McCarthy* requirement was the *minimum* needed to satisfy the shipowner's rights under the Limitation Act. *Id*. at 1124. So, contrary to Roen's assertion, *Lake Michigan Trans-Lake* does not establish a requirement that a right to exoneration be included in such stipulations and none will be imposed here. Claimant Sarter's stipulation specifically waives claims of res judicata relative to the limitation of liability issue and concedes that this court has exclusive jurisdiction over the limitation of liability issue. That is sufficient under *Lewis* and *McCarthy* to dissolve an injunction against state court actions.

## CONCLUSION

Based on the foregoing, the court finds that the proposed stipulation provided by Claimant (Dkt. No. 25-2) satisfies the requirements set forth in *Lewis* and *McCarthy* and is adequate to protect Roen's rights under the Limitation Act.

6

**IT IS THEREFORE ORDERED** that Claimant's motion to lift the injunction/stay against state court proceedings (Dkt. No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Claimant is directed to file an executed stipulation with the court within one week from the date of this order.

**IT IS FURTHER ORDERED** that, once the executed stipulation has been received, this case will be **STAYED**, and the Clerk of Courts is directed to close this case for administrative purposes at that time.

**IT IS FURTHER ORDERED** that the parties are directed to update this court at least every six months as to the status of this matter until it is fully resolved. This order is not to be considered a dismissal or disposition of the case on its merits. Either party may reopen this action by making an appropriate motion to the court.

Dated at Green Bay, Wisconsin this 4th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge