UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF ROEN SALVAGE
COMPANY AS OWNER OF THE CREW     Case No. 20-C-915
BOAT MONARK #2

**ORDER DENYING MOTION TO STAY**

Roen Salvage Company filed this action under the Court's admiralty and maritime jurisdiction for exoneration from or limitation of liability in the death of Donald Sarter, who drowned when the workboat he captained capsized in rough water on Lake Superior. *See* Rule F(3) of the Supplementary Rules for Certain Admiralty and Maritime Claims. Julie Sarter, Donald's wife, and his estate filed a claim under the Jones Act asserting that the vessel was not seaworthy and that Roen breached its duty to exercise due care. In an order dated December 4, 2020, the Court determined that Roen's rights would be adequately protected under the Limitation Act, 46 U.S.C. § 30501 *et seq.*, and granted the motion of Sarter's widow to lift the injunction enjoining actions in any other court so that she could pursue her claims in state court consistent with the Savings to Suitors Clause of 28 U.S.C. § 1333. Dkt. No. 32. The case is before the court on Roen's motion to stay that decision while it appeals the Court's order. For the reasons explained herein, Roen's motion (Dkt. No.40) is denied.

Roen requests that the Court stay its decision pursuant to Rule 62(d) of the Federal Rules of Civil Procedure while Roen appeals the Court's order. That section provides: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

Fed. R. Civ. P. 62(d). In deciding such a motion, the Court should consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Roen contends that Claimant Sarter's stipulation does not protect Roen's right to exoneration under Title XIII, Supplemental Rule F(2), and *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001), and thus is inadequate to fully protect Roen's rights under the Limitation Act. Roen argues that its appeal is likely to succeed on the merits, and therefore, under Rule 62(d), the Court should grant the stay. Claimant counters that Roen's position has no legal support. Claimant argues that, if a boat owner were allowed to defend its liability in state court and then again in federal court, the Savings to Suitors Clause of 28 U.S.C. § 1333 would be meaningless. The Court agrees with Claimant.

In its prior order, the Court rejected Roen's position with respect to its right to exoneration. Roen again argues that *Lewis* holds that a court cannot extinguish the right of exoneration from a shipowner under the Savings to Suitors Clause and send it to state court "unless (1) the claim is less than the value of the vessel; and (2) the claimant signs a stipulation acknowledging that the claim is less than the value of the vessel." Roen's Br. at 8, Dkt. No. 41. *Lewis* says no such thing. Roen is correct that *Lewis* supports the removal of claims from federal court where the value of the vessel exceeds the claims, but the Supreme Court also approvingly noted that "Courts of Appeals have generally permitted claimants to proceed with their claims in state court where there is only a single claimant." *Lewis*, 531 U.S. at 451. That is exactly the scenario before this Court.

2

Case 1:20-cv-00915-WCG   Filed 01/13/21   Page 2 of 3   Document 44

For the reasons explained in its order dissolving the injunction, the Court finds Roen has little likelihood of success on appeal.

The Court is also satisfied that, rather than Roen suffering irreparable harm if the Court does not grant a stay, Claimant is likely to suffer irreparably if a stay is granted. Claimant is a widow who seeks compensation for the loss of her husband. This case has already been pending since June and to further delay Claimant's opportunity to seek relief may cause significant delays. *See Cucu v. Super*, No. 1:12 CV 3093, 2013 WL 3818150, *2 (N.D. Ohio July 22, 2013). Roen, on the other hand, has alleged in conclusory fashion that it would suffer irreparable harm. In fact, it is likely Roen will suffer no harm from the denial of its request for a stay. If the Court has erred, its decision will be vacated and the preclusive effect of any state court proceedings would be questionable.

Finally, the public interest is in the just, speedy, and inexpensive disposition of the claim. Granting a stay would not further that interest in light of the relatively low likelihood of success and the likely harm to Claimant by further delay.

**IT IS THEREFORE ORDERED** that Roen's motion to stay the Court's order pending resolution of its appeal (Dkt. No. 40) is **DENIED**.

Dated at Green Bay, Wisconsin this 13th day of January, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge